

# NUMBER 13-23-00097-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**REYNALDO RIOS JR.,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

## ON APPEAL FROM THE 117TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Tijerina**

A jury convicted appellant Reynaldo Rios Jr. of first-degree arson of a habitation, a first-degree felony. *See* TEX. PENAL CODE ANN. § 28.02. The jury assessed punishment for a period of fifty-five years of imprisonment. Appellant argues the State failed to prove all the elements required to convict him of arson. We affirm.

# I.   STANDARD OF REVIEW AND APPLICABLE LAW

In a sufficiency review, we consider all the evidence in the light most favorable to the verdict and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). Sufficient evidence exists if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899.

We measure the sufficiency of the evidence in reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327 (quoting *Malik*, 953 S.W.2d at 240). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements "as modified by the indictment." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). As applicable here, the State had the burden to prove beyond a reasonable doubt that (1) appellant intentionally, knowingly, or recklessly

2

started a fire by igniting a couch, (2) with the intent to destroy or damage a habitation, and (3) knew that the habitation had located within it, property, namely furniture and clothes, belonging to another. *See* TEX. PENAL CODE ANN. § 28.02(a)(2)(E). Appellant only challenges the last element.

## II.    THE EVIDENCE

On August 2, 2019, the Robstown Fire Department responded to a call about a burning house in Nueces County. When the firefighters arrived on the scene, the house was in flames. Lupe Villarreal, a firefighter on the scene, testified that the fire must have started around twenty or thirty minutes prior to his arrival. The house was "completely destroyed" and "completely burned down" after firefighters spent several hours putting out the fire. Dana Richardson, a sergeant and investigator with the Nueces County Sheriff's Office on the date of the incident, testified that when he inspected the house the next day, it was "totally destroyed," and the house next door was uninhabitable due to smoke, fire damage, and water damage.

Rosa Anna Garcia, appellant's wife, testified that her house destroyed in the fire had been in her family for several generations, which her parents gifted to her in 2000. Garcia stated that she met appellant in 2015, and the couple married in 2017. According to Garcia, appellant did not purchase things in the house because he spent his money on beer and child support. Garcia stated that appellant had problems with drinking that got worse over time, and he was physical with Garcia on one occasion a few days before the fire. Garcia testified that appellant was upset with her children, he threw her children's PlayStation on the floor, and he pushed Garcia to the wall when she questioned him about

3

what he had done. Garcia called the police to remove appellant from her house, and according to Garcia, the police stated that they could not remove him because, due to their marriage, the police considered the house as belonging to Garcia and appellant. Garcia testified that after telling appellant it was her house, he refused to leave; therefore, Garcia and her children spent the night next door at her parents' house. Garcia stated that the house contained all of her and her children's belongings, including her furniture and clothes, which were destroyed in the fire.

On the day of the fire, Garcia had the electricity, gas, and water turned off in her house, which appeared to upset appellant. About thirty-four minutes before the firefighters arrived at the scene, appellant sent Garcia a text message saying, "[h]opefully going to burn it all down." Garcia replied, "[w]hat are you going to burn down?" Appellant said, "[m]y eyebrows." Appellant then texted, "[y]our house is on fire." Garcia soon arrived at the scene to see her entire home engulfed in flames. Garcia testified that she lost everything in the fire, including her clothes, her children's clothes, furniture, and photo albums; and all she had left were "the clothes on [her] back." Evidence was also presented that the family's dog perished in the fire.

Appellant was arrested and taken to the criminal investigation division for a custodial interview conducted by Richardson and State Fire Marshall, Greg Houston.[1] Richardson read appellant his *Miranda* rights and began the interview. Richardson testified that appellant was not intoxicated and had "use of his mental and physical capabilities." During the interview, appellant admitted to starting the fire by lighting a

---

[1] Houston was not available to testify at trial because he had unfortunately passed away.

4

couch on fire with a barbeque lighter. Appellant knew that the house was not insured. Appellant then made statements referring to burning his property in the house by saying, "I can burn my own stuff if I want to," and, "today I just, you know what, I just burned up all my stuff." However, appellant also acknowledged that the house belonged to Garcia. For example, when asked whose house it was, appellant said, "it's hers," and when drawing a diagram of the house, he described one of the rooms as Garcia's bedroom. Appellant stated that Garcia and her ex-husband had taken out a mortgage on the house before he met Garcia. Appellant also made statements regarding his motive when he said, "well . . . all day today my wife kept picking at me," and "what set me off, she just went and turned off everything, no light, no water."

The jury convicted appellant of arson of a habitation. This appeal followed.

### III.    DISCUSSION

By his sole issue, appellant contends that the evidence is insufficient to support his conviction for arson because the State failed to prove beyond a reasonable doubt that he knew that the habitation contained property belonging to Garcia. *See* TEX. PENAL CODE ANN. § 28.02(a)(2)(E).

The evidence shows that Garcia lived in the house for approximately nineteen years and that Garcia's belongings, including furniture and clothing, were located there. Evidence was presented that appellant moved into Garcia's home in 2017, and continued to live there until he started the fire in 2019, and Garcia testified that she paid for everything in the house and appellant spent his money mainly on beer and child support. Additionally, appellant acknowledged that the house belonged to Garcia, that she had a

5

bedroom in the house, and that Garcia and her ex-husband had acquired a mortgage on the house. Appellant also stated that he started the fire in retaliation to Garcia turning off the utilities in the home.

The jury was free to believe that Garcia's belongings, including furniture and clothing, were in the house, and it could have reasonably inferred that appellant—who lived in the home for approximately two years—knew that Garcia's property was in the home when he started the fire. *See Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) ("The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses, and juries may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial."). Accordingly, we conclude that the jury could have rationally found the essential elements of the offense as set out in the hypothetically correct charge for arson beyond a reasonable doubt. *See Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99; *see also* TEX. PENAL CODE ANN. § 28.02. We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of August, 2024.

6